**TOMPKINS, McGUIRE, WACHENFELD & BARRY LLP**
Andrew P. Zacharda, Esq.
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4070
(973) 622-3000
*Attorneys for Aurora Loan Services LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 09-38410 (KCF) |
| JERRY M. and VANESSA TAYLOR, | CHAPTER 13 |
| Debtors. | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Aurora Loan Services LLC ("Aurora") objects to the Chapter 13 plan filed by debtors Jerry Taylor and Vanessa Taylor (collectively, the "Debtors") as follows:

1.  On or about June 9, 2004, the Debtors borrowed $306,850 from Equity Financial, Inc. To secure repayment of the debt, the Debtors executed a mortgage in favor of Equity Financial, Inc. (the "Mortgage"), encumbering the Debtors' real property located at 148 Hamilton Road, Tinton Falls, New Jersey (the "Property"). The Mortgage was recorded in the Monmouth County Clerk's office on July 10, 2004 in Book 8379, Page 9452. A true and correct copy of the Mortgage is attached hereto as Exhibit A.

2.  The Mortgage was assigned to Lehman Brothers Bank, FSB by written assignment dated June 9, 2004, and was further assigned to Mortgage Electronic Registration Systems, Inc. by written assignment dated August 2, 2005.

3.  The Debtors defaulted on the payments on the Mortgage. As a result, a foreclosure action was commenced on April 21, 2005, bearing docket no. F-6611-05 (the

"Foreclosure Action").

4. On October 12, 2005, final judgment of foreclosure was entered in the Foreclosure Action.

5. The Foreclosure Action was then placed on hold in order to allow the Debtors an opportunity to reinstate the Mortgage through loss mitigation programs.

6. Ultimately the Debtors defaulted on their forbearance plan, and the Property was relisted for Sheriff's Sale.

7. However, the Debtors filed a Chapter 13 bankruptcy petition on September 24, 2006, which was assigned case no. 06-19093.

8. Aurora filed a Proof of Claim in that case, listing pre-petition arrears of $71,371.46, and a total amount due of $373,562.22.

9. As a result of the Debtors' failure to make any post-petition payments on the Mortgage, Aurora filed a motion for relief from the automatic stay on January 9, 2007. The motion was granted by order dated February 8, 2007.

10. Case no. 06-19093 was then dismissed at the confirmation hearing held on February 28, 2007 based on the Debtors' failure to:

- file required schedules, statements, plan and/or summary;
- make all required pre-confirmation payments to the Trustee;
- file a feasible plan, income and/or budget statement;
- provide evidence of income;

11. The Property was relisted for Sheriff's Sale on June 4, 2007.

12. The Debtors filed a second Chapter 13 bankruptcy petition[1] on June 4, 2007, which was assigned case no. 07-17739.

---

[1] The Debtors also filed a bankruptcy petition in 1987, bearing case no. 87-1664 (SAS). Since the case was filed prior to the Debtors' execution of the Mortgage, it will be disregarded for purposes of this Objection.

13. Aurora filed a Proof of Claim in that case, listing pre-petition arrears of $107,742.46, and a total amount due of $406,612.25.

14. Case no. 07-17739 was dismissed on August 7, 2007, based on the Debtors' failure to:

- make all required pre-confirmation payments to the Trustee;
- provide evidence of income;

15. The Debtors then filed a third Chapter 13 bankruptcy petition on August 13, 2007, which was assigned case no. 07-21457. In their schedules, the Debtors listed net income of $200.00 per month.

16. Aurora filed a Proof of Claim in case no. 07-21457, listing pre-petition arrears of $123,483.69, and a total amount due of $445,360.62.

17. The court entered an order on October 17, 2007, confirming that the Property was not subject to the automatic stay.

18. The Debtors then filed an adversary proceeding to reinstate the automatic stay on October 30, 2007. The automatic stay was reinstated by order entered on November 20, 2007. The order further provided that:

> In the event the case is dismissed, any subsequent filings by the Debtor(s), Jerry M. Taylor and Vanessa H. Taylor, their heirs, assigns or successors shall not impose a stay against, AURORA LOAN SERVICES, INC. as servicer for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its assigns or successors, by virtue of this order.

19. On May 29, 2009, the Chapter 13 Trustee filed a motion to dismiss case no. 07-21457 on the following grounds:

> Failure of the debtor(s) to comply with the terms of the Plan, in that all required payments to the Trustee have not been made. Since the inception of the Plan, the debtor(s) is/are in arrears $800.00. This information is current up to and including the date of mailing this certification.

3

> The Plan specifies non-exempt proceeds to the Trustee from sale or refinance of property by 02/15/08. A review of the Trustee's records indicates that the debtor has not complied with said Plan provision.
>
> The last payment received by the Trustee was on 02/05/09 in the amount of $1,000.00.

20. The Trustee's motion was granted by order entered June 25, 2009.

21. The Property was relisted for Sheriff's Sale on October 26, 2009.

22. On October 25, 2009, the Debtors filed the instant Chapter 13 petition -- their fourth since September 2006. In their schedules, the Debtors indicate that the Property is worth $350,000.

23. Since the automatic stay was annulled in the prior bankruptcy case, the Sheriff's Sale proceeded as scheduled on October 26, 2009. The plaintiff in the Foreclosure Action was the successful bidder at the Sheriff's Sale, and assigned its bid to Aurora.

24. Aurora took title to the Property by Deed dated November 10, 2009, and recorded in the Monmouth County Clerk's office on December 16, 2009 in Book 8811, Page 7948.

25. The instant case was dismissed by order dated December 21, 2009, then reinstated by order dated February 25, 2010.

26. Through their Chapter 13 Plan (the "Plan"), the Debtors apparently intend to cure the arrears on the Mortgage.

27. Although the Debtors list arrears of $86,832, the Plan only provides for 36 monthly payments of $102, which is the entire amount of disposable income listed in their schedules.

28. Aurora submits that the Plan violates the good faith requirements of 11 U.S.C. §§ 1325(a)(3) and 1325(a)(7), based on the following:

4

- This is the fourth bankruptcy case filed by the Debtors since September 2006. Each of the previous cases was dismissed by the court for cause.

- The Debtors' net monthly income actually decreased from $200.00 in their prior petition, to $102.00 in their current petition.

- This case was filed one day prior to the Sheriff's Sale.

29. The Plan further violates 11 U.S.C. §1322(c)(1) to the extent it seeks to reinstate the Mortgage after the Property was sold at foreclosure sale.

30. Even if the Debtors were permitted to avoid the requirements of 11 U.S.C. §1322(c)(1), the Plan would violate 11 U.S.C. §1325(a)(5) as it does not provide for retention of the Mortgage lien.

31. The Plan would also violate 11 U.S.C. §1325(a)(6) since it would not be financially feasible. The Debtors' total disposable income over a sixty-month period totals only $6,120, whereas the pre-petition arrears on the Mortgage were $123,483.69 pursuant to the Proof of Claim filed in the Debtors' last bankruptcy case. Even a plan to sell or refinance the Property would not be feasible, as the Debtors list the value of the Property at only $350,000, while the total amount due on the Mortgage was $445,360.62 pursuant to the Proof of Claim filed in the Debtors' last bankruptcy case.

I hereby certify that the foregoing statements made by me are true; I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: April 20, 2010

/s/ Andrew P. Zacharda
ANDREW P. ZACHARDA